UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DUTRA,<br><br>    Plaintiff,<br><br>    v.<br><br>BFI WASTE MANAGEMENT SYSTEMS OF NORTH AMERICA, INC.,<br><br>    Defendant. | Case No.14-cv-04623-NC<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND DENYING MOTIONS FOR SANCTIONS**<br><br>Re: Dkt. Nos. 34, 44, 57 |

Before the Court are BFI's motion to dismiss the first amended complaint, BFI's motion for sanctions, and Dutra's cross-motion for sanctions. This is the second time Dutra has sued BFI over his dissatisfaction with a settlement agreement the parties entered into in 2009. Now, Dutra alleges that BFI has entered into an agreement with Recology to bar plaintiff from employment with Recology. The Court finds Dutra's antitrust allegations and breach of the covenant of good faith and fair dealing are meritless and GRANTS defendant's motion to dismiss without leave to amend. However, the Court does not find that sanctions are appropriate and DENIES both BFI's and Dutra's motions for sanctions.

**I.  BACKGROUND**

Plaintiff Harold Dutra is a former employee of defendant, BFI (now Republic), a waste management service company. Dkt. No. 30 at ¶ 9. Dutra was a driver who collected waste in San Mateo County. *Id.* BFI terminated Dutra in 2007, and the parties engaged in

Case No.: 14-cv-04623-NC

arbitration, ultimately, ending in a settlement agreement in 2009. *Id.* at ¶¶ 11-14. The settlement agreement provided a $35,000 monetary payment for Dutra, and required Dutra to relinquish all employment rights with BFI including right to seek re-employment with BFI and its successors. *Id.* at ¶ 14.

In June 2012, Dutra sued BFI for a variety of claims, seeking to overturn the settlement agreement. *Id.* at ¶ 15. The district court dismissed Dutra's complaint in July 2013. *Id.* at ¶ 16.

After July 2013, Dutra applied for a job with Recology, another waste disposal company. *Id.* at ¶ 18. Dutra alleges that he was deemed qualified by Recology, and he believes that his application was rejected because of communications between Recology and BFI. *Id.* at ¶ 18.

## II. DISCUSSION

Before the Court are two separate motions, which the Court will address in turn. First, defendant's motion to dismiss argues that this Court should dismiss the complaint without leave to amend because the complaint is meritless. Dkt. No. 34. Second, defendant moves for sanctions under Rule 11, 28 U.S.C. § 1927, and the Court's inherent power, and asks the Court to award it attorney's fees. Dkt. No. 44. Plaintiff filed a cross-motion for sanctions, seeking recovery of attorney's fees in defending the motion for sanctions. Dkt. No. 57.

### A. Motion To Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as

Case No.:14-cv-04623-NC                 2

true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).

Dutra sues for (1) a violation of the Sherman Antitrust Act §1 alleging a conspiracy to restrict trade; (2) a violation of the Sherman Antitrust Act § 2, alleging an unlawful monopoly; (3) the Cartwright Antitrust Act; and (4) breach of covenant of good faith and fair dealing.

### 1. Sherman Antitrust Act § 1

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations." 15 U.S.C. § 1. In antitrust claims, the Supreme Court has required a heightened pleading standard:

> In applying these general standards to a § 1 claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.... [A]n allegation of parallel conduct and a bare assertion of conspiracy will not suffice.

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007). "This is because discovery in antitrust cases frequently causes substantial expenditures and gives the plaintiff the opportunity to extort large settlements even where he does not have much of a case." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008).

To state a claim under Section 1 of the Sherman Act, claimants must plead not just

Case No.:14-cv-04623-NC   3

ultimate facts (such as a conspiracy), but evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition. *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008); *Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n,* 884 F.2d 504, 507 (9th Cir.1989); *see also Twombly,* 550 U.S. at 553-56. To satisfy the first prong, a plaintiff may not simply allege an agreement or conspiracy, but rather must provide information as to the "specific time, place, or person involved in the alleged conspiracies." *Twombly*, 550 U.S. at 564; *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1046-47 (9th Cir. 2008).

Here, Dutra alleges that sometime after the July 22, 2013 dismissal, he applied for a job with Recology. Dkt. No. 30 at ¶ 18. "[O]n information and belief, after communications between Recology and BFI (Republic), Plaintiff's application was rejected." *Id.* Dutra alleges that he learned in late 2013 and early 2014 "of the collusion between BFI (Republic) and Recology as that collusion or conspiracy relates to Plaintiff's re-employment." *Id.* at ¶ 21. These allegations do not include any factual information to give rise to plausible grounds that a conspiracy exists. The Court finds that such allegations are exactly the sort that the *Twombly* court rejected, and so too, this Court rejects the conspiracy claim as insufficiently pled.

On the restraint of trade, Dutra alleges "[b]y locking up certain markets, with fixed rates and single company locales, BFI (Republic) and Recology are able to harm persons seeking employment, consumers of their products, and others." *Id.* at ¶ 26. Dutra alleges that BFI and Recology control all of the San Francisco Bay Area's waste management services, and "have divided the Area into sections or regions within which there is no competition." *Id.* at ¶ 5. "BFI and Recology set wages, rates for collection, and dictate hiring and collection practices throughout the Bay Area." *Id.*

On a motion to dismiss, the Court may take judicial notice of matters of public record. *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012). BFI has

Case No.:14-cv-04623-NC                           4

provided public record information that Bay Area municipalities, such as San Mateo County and the City of San Francisco, grant exclusive licenses to both companies within particular boundaries. Dkt. No. 34 at 9. Thus, Dutra's restraint of trade claims are both unsupported legal conclusions and factually inaccurate statements. Dutra's Sherman Antitrust Act § 1 claim is dismissed.

### 2. Sherman Antitrust Act § 2

Section 2 of the Sherman Act requires allegations that the defendant (1) possesses monopoly power in a valid relevant market; and (2) willfully acquired, maintained, or used that power by anti-competitive or exclusionary means. *United States v. Grinnell Corp.*, 384 U.S. 563, 570-71 (1966). To satisfy the first prong, a plaintiff must allege that the defendant has market power within a legally cognizable relevant market. *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1044 (9th Cir. 2008). "[T]he plaintiff must allege both that a 'relevant market' exists and that the defendant has power within that market." *Id.*; *see also Tanaka v. Univ. of S. Cal.*, 252 F.3d 1059, 1063 (9th Cir. 2001)("Failure to identify a relevant market is a proper ground for dismissing a Sherman Act claim"). A plaintiff must delineate a relevant market and show that the defendant plays enough of a role in that market to impair competition significantly. *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1413 (9th Cir. 1991). Additionally, antitrust laws are intended to protect only those activities that have anticompetitive effects on the market as a whole. *Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1, 23 (1979); *Eichorn v. AT&T Corp.*, 248 F.3d 131, 148 (3d Cir. 2001), *as amended* (June 12, 2001).

Here, Dutra alleges that BFI possesses a monopoly on the "waste labor market," but also that BFI and Recology together control the market. Dkt. No. 30 at ¶¶ 5, 17. Additionally, Dutra alleges that the relevant market is "waste drivers and related industries in the Bay Area and throughout the State." *Id.* at ¶ 26. Finally, Dutra does not allege any specific injury to anyone but himself. Together, these legal conclusions do not support a claim of § 2 antitrust liability. Dutra has not alleged a cognizable relevant market or alleged BFI's role in the market with any specificity. Plaintiff has proffered no further

facts in briefing or at the hearing that could provide even a plausible allegation of monopoly power or antitrust liability. Therefore, the Court dismisses the Sherman Antitrust Act § 2 claim.

### 3. Cartwright Antitrust Act

"The analysis under California's antitrust law mirrors the analysis under federal law because the Cartwright Act, Cal. Bus. & Prof.Code § 16700 *et seq.,* was modeled after the Sherman Act." *Cnty. of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1160 (9th Cir. 2001). Because plaintiff's Sherman Antitrust Act claims lack merit, so too does his Cartwright Antitrust Act claim. This claim is also dismissed.

### 4. Breach of the Implied Covenant of Good Faith and Fair Dealing

The covenant of good faith and fair dealing is implied in a contract and requires the party to uphold the contract's purposes and the parties' legitimate expectations. *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 3 Cal.4th 342, 373 (1992).

Dutra claims that BFI breached its duty of good faith by refusing to set aside part of the settlement agreement between the parties. Dkt. No. 30 at ¶ 35. This statement is at odds with the law of good faith and fair dealing, which requires parties to *uphold* contract terms, not to set them aside. Additionally, Dutra claims that BFI breached a duty by "interfer[ing] in Plaintiff's efforts to gain hire with another company." Dkt. No. 30 at ¶ 36. Again, such a claim is not properly within the scope of the law, as plaintiff does not claim that BFI was obligated to refrain from any actions in the parties' settlement agreement.

### 5. Conclusion

Although generally, leave to amend should be granted freely, plaintiff has not proffered any additional facts that could cure the deficiencies in the complaint. Instead, at hearing, plaintiff noted that a different cause of action, interference with prospective economic advantage, might be more appropriate. This was not presented in briefing, and the Court declines to rule on the permissibility of that claim because, brought alone, it is not a federal claim within the Court's jurisdiction. In addition, plaintiff has amended the

complaint once with the benefit of defendant's pending motion to dismiss, so he was put on notice of defendant's arguments and had an opportunity to cure the complaint's deficiencies. Therefore, the Court believes amendment would be futile and dismisses without leave to amend. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051-52 (9th Cir. 2008)(finding amendment of the complaint futile when plaintiff proffered no additional facts or discovery that could be conducted to cure the complaint).

### B. Sanctions

"Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001).

Federal Rule of Civil Procedure 11(b) provides in part that "[b]y presenting to the court a pleading, written motion, or other paper," an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b).

For § 1927 sanctions to apply, "if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass . . . . [R]eckless nonfrivolous filings, without more, may not be sanctioned." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co., Sec. Lit.*, 78 F.3d 431, 436 (9th Cir. 1996)).

Under its inherent powers, a court may impose sanctions in the form of attorneys' fees when the losing party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997)

(quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975)). However, "because of their very potency, inherent powers must be exercised with restraint and discretion." *See B.K.B.*, 276 F.3d at 1108 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)). "[A]n attorney's reckless misstatements of law and fact, when coupled with an improper purpose . . . are sanctionable under a court's inherent power." *Fink*, 239 F.3d at 994.

The Ninth Circuit instructs courts to be reluctant in imposing sanctions, "especially errors in papers filed before an opportunity for discovery." *Greenberg v. Sala*, 822 F.2d 882, 887 (9th Cir. 1987). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted." *Id.*

The Court denies BFI's request to impose sanctions because it finds that the requested relief is disproportionate to the sanctions requested and not in the interest of justice. BFI's motion is premised in large part on argument that the 2012 case was frivolous. This is irrelevant to the inquiry that this Court is permitted to entertain on the current case, except as it may demonstrate Dutra or his counsel's intent to harass. Here, the action is only at the pleading stage, and BFI only had to engage in one round of pleading. Additionally, the complaint is short, lacking in factual matter, and generally straightforward. Therefore, the Court does not agree that BFI was required to expend significant time and money to defend the action. In addition, BFI argues that Dutra required BFI to spend unnecessary time and money preparing for two motions to dismiss; however, the Court notes, and BFI acknowledges, that the original complaint and the first amended complaint were substantially similar and suffered from the same flaws. Thus, there was no need for defendant engage in an extensive effort to submit the second motion to dismiss. Finally, although the action is meritless, the Court does not find evidence of intention to harass.

The Court also denies plaintiff's motion for sanctions. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct

that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Dutra moved for sanctions under Rule 11 at the end of his opposition to BFI's sanctions, not on a separate motion. Dkt. No. 57 at 16-17. Dutra does not describe BFI's conduct that merits sanctions, except to suggest that BFI's motion for sanctions is meritless. *Id.* Thus, Dutra has not complied with the procedural requirements for bringing a motion for sanctions under Rule 11. Additionally, Dutra must demonstrate that BFI's motion was filed for an improper purpose, such as to harass, which he has not done. Fed. R. Civ. P. 11(b). The Court disagrees with Dutra's arguments because his complaint did lack factual and legal merit, so BFI's motion was not improper. Therefore, Dutra's motion for sanctions is denied.

## III. CONCLUSION

In conclusion, the Court dismisses the complaint without leave to amend and denies all motions for sanctions.

**IT IS SO ORDERED.**

Dated: May 13, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.:14-cv-04623-NC                 9